1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10  LARRY N. HOUK,
11              Petitioner,                No. CIV S-08-1100 LKK DAD P
12       vs.
13  JIMMY WALKER, Warden,
14              Respondent.                ORDER
15  _____/
16              Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of
17  habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to stay these proceedings.
18  Petitioner has paid the filing fee.
19              In his application, petitioner challenges a judgment of conviction entered in the
20  Yuba County Superior Court in 2005.  Petitioner's single claim is that he was denied his
21  constitutional right to effective assistance of counsel because his attorney failed to move to
22  suppress evidence found in petitioner's truck on the grounds that his arrest and the search of his
23  vehicle were not supported by probable cause.  Petitioner requests a stay of these proceedings in
24  order to exhaust five additional grounds for relief.
25              The United States Supreme Court has affirmed the district court's discretion to
26  stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state

1

1  court where there is good cause for the petitioner's failure to exhaust all claims in state court

2  before filing a federal habeas petition.  Rhines, 544 U.S. at 277.  See also Anthony v. Cambra,

3  236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal

4  petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor),

5  134 F.3d 981, 987-88 (9th Cir. 1998).  This discretion to issue a stay extends to mixed petitions.

6  Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has

7  discretion to stay a mixed petition to allow a petitioner time to return to state court to present

8  unexhausted claims.").  The Supreme Court cautioned, however, that "stay and abeyance should

9  be available only in limited circumstances" and that a stay "is only appropriate when the district

10  court determines there is good cause for the petitioner's failure to exhaust his claims first in state

11  court."  544 U.S. at 277.  Even if a petitioner shows good cause, the district court should not

12  grant a stay if the unexhausted claims are plainly meritless.  Id.  Finally, federal proceedings may

13  not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to

14  state court to exhaust additional claims.  Id. at 277-78.

15        Petitioner's request for a stay is vague and conclusory and does not provide

16  sufficient facts and information to satisfy the requirements of Rhines.  Accordingly, the court is

17  unable to determine whether petitioner had good cause for failing to exhaust all of his claims

18  before filing this action, whether petitioner's unexhausted claims are potentially meritorious, or

19  whether petitioner has been diligent in pursuing his unexhausted claims.  See Taylor, 134 F.3d at

20  987 nn.8 & 11 (failure to make a showing of diligence in pursuing additional claims may

21  foreclose a stay).  For these reasons, petitioner's request will be denied without prejudice to the

22  filing of a new motion for a stay and abeyance.

23        Petitioner will be granted thirty days to file a new motion for a stay and abeyance.

24  The motion must (1) show good cause for petitioner's failure to exhaust all claims prior to filing

25  this action, (2) demonstrate why each of petitioner's unexhausted claims is potentially

26  /////

1  meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and

2  (4) demonstrate that petitioner has acted with diligence in pursuing additional claims.

3          In accordance with the above, IT IS HEREBY ORDERED that:

4          1.  Petitioner's May 20, 2008 request to stay these proceedings is denied without

5  prejudice; and

6          2.  Petitioner is granted thirty days from the date of this order in which to file and

7  serve a renewed motion for a stay and abeyance addressing the issues set forth above.

8  DATED: May 28, 2008.

9

10          _____
            Dale A. Drozd

11          DALE A. DROZD
            UNITED STATES MAGISTRATE JUDGE

12  DAD:9
    houk1100.msty

13

14

15

16

17

18

19

20

21

22

23

24

25

26